## STATE ex MAYER et v CINCINNATI (city)

Ohio Appeals, 1st Dist, Hamilton Co

No 5455. Decided June 20, 1938

Cedric Vogel, Cincinnati, for appellees.
John D. Ellis, and Edward F. Alexander, Cincinnati, for appellants.

## OPINION

By ROSS, PJ.

This is an appeal on questions of law from the court of Common Pleas, wherein that court sustained a demurrer to the answer of the respondents.

The amended petition states that the relator, Mayer, on behalf of the city of Cincinnati and the county of Hamilton brought an action in mandamus in the court of Common Pleas of Hamilton county, that the relator Vogel represented him as counsel, that judgment was renderd in such action in favor of the relator Mayer, awarding said Mayer a peremptory writ of mandamus, together with costs and attorney's fees. It is further stated that such action was brought against the Municipal Court of Cincinnati, that the judgment remains unpaid, that the city refuses to pay such judgment, and that the law requires such city to pay such judgment.

It is unnecessary to consider the answer filed by the respondents, for the reason that the demurrer filed thereto by the relators searches the record and tests the petition, which we find to state no cause of action.

If, giving the petition a liberal construction, it can be inferred, though not directly alleged, that relators recovered a judgment against the Municipal Court of Cincinnati, such judgment is void. We find no authority binding upon the court justifying the conclusion that an integral part of the judicial system of the State may be subjected to an action resulting in a money judgment against the Court as such.

The following authorities indicate that it is not such an entity as will permit being made subject to a money judgment.

United States v Clark, 1 Gallison's Reports, 496, at 499, it is stated:

"But the argument itself is not correct. The District Judge is not the District Court, though he is the presiding officer thereof. A Court is not a judge, nor a judge a Court. A judge is a public officer, who, by virtue of his office, is clothed with judicial authorities. A Court is defined to be a place, in which justice is judicially administered. It is the exercise of judicial power, by the proper officer or officers, at a time and place appointed by law. The officer exists independent of the exercise of such appointed jurisdiction; though the Court may not, in general, be holden independent of its officers. This last position, however, is not always strictly true; for a Court is considered so much as an assemblage of mere abstract judicial powers, to be organized and exercised at stated times and places, that by our laws, it may be adjourned without the presence of a judge. There are many powers, which the officers of a Court, collectively or individually, may and do exercise, exclusive of their organization as a Court."

Carter's Estate, 254 Pa. State Reports 518. The first paragraph of the syllabus is:

"By 'court' is to be understood a tribunal officially assembled under authority of law at the appropriate time and place for the administration of justice. By 'judge' is to be understood simply an officer or member of such tribunal. Whether an act is to be per-

formed by one or the other is generally determined by the character of the act, but whenever it is a statutory power or duty conferred or prescribed upon the court it can only be discharged by the assembled tribunal, however, composed, whether of one judge or several."

Levey et v Bigelow, etc, 6 Ind. App 677, at page 682: .

"A court has been defined as 'a place where justice is judicially administered.' Coke on Litt. 58; 3 Bl. Comm. 23. This definition, however, has been often criticized as too narrow, being limited by the word place. The prominence of the word place, in this definition, no doubt, arises from the ancient idea that the king was the fountain and dispenser of justice, and wherever he was domiciled was a court or place where justice was dispensed. In modern times, and under our form of government, the judicial power is exercised by means of courts. A court is an instrumentality of government. It is a creation of the law, and, in some respects, it is an imaginary thing that exists only in legal contemplation, very similar to a corporation. A time when, a place where, and the persons by whom judicial functions are to be exercised, are essential to complete the idea of a court. It is in its organized aspect, with all these constituent elements of time, place, and officers, that completes the idea of a court in the general legal acceptation of the term. But a court may exist in legal contemplation, without any officers charged with the duty of administering justice. The officers might all die or resign, and still the legal fiction would continue to exist. The judge of a court, while presiding over the court, is, by common courtesy, called 'the court', and the words 'the court', and 'the judge', or 'judges', are frequently used in our statutes as synonymous. Michigan Cent. R. R. Co v Northern Ind. R. D. Co., 3 Ind. 239 (245)."

See also: 11 O. Jur. 632.

Many other authorities could be added, all indicating the conclusion that the court is an intangible vehicle for the appropriate function of government—the judicial branch.

The judgment, therefore, upon which the petition is based, if it was rendered against the Municipal Court of Cincinnati is wholly void. and no action of any kind may be predicated upon it.

Judgment reversed and judgment here entered for the respondents.

HAMILTON and MATTHEWS, JJ, concur.