ANGERMAN, Appellant,

v.

STATE MEDICAL BOARD OF OHIO et al., Appellees.

[Cite as *Angerman v. Ohio State Medical Bd.* (1990), 70 Ohio App.3d 346.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP-131.

Decided Dec. 31, 1990.

*Porter, Wright, Morris & Arthur, William M. Todd* and *Terri–Lynne B. Smiles,* for appellant.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *John C. Dowling,* for appellees.

WHITESIDE, Judge.

This is an appeal by Neil S. Angerman, M.D., from a judgment of the Franklin County Court of Common Pleas, affirming the decision of the State Medical Board of Ohio revoking his certificate to practice medicine and surgery in the state of Ohio. In support of his appeal, appellant raises three assignments of error, as follows:

"1. The lower court erred in upholding the order of the medical board revoking Dr. Angerman's certificate to practice medicine and surgery because the medical board unconstitutionally deprived Dr. Angerman of his right to due process of law.

"2. The lower court erred in upholding the order of the medical board revoking Dr. Angerman's certificate to practice medicine and surgery because the order was issued in violation of R.C. 121.22, the First Amendment to the United States Constitution, and Article II [*sic* I], Section 11 of the Ohio Constitution.

"3. The lower court erred in upholding the order of the medical board revoking Dr. Angerman's certificate to practice medicine and surgery because the order is not supported by substantial, reliable, probative evidence."

Initially, the State Medical Board suspended appellant's certificate to practice medicine and surgery without a prior hearing. (No issue as to the summary suspension order is before us since by separate action appellant

sought and obtained a preliminary injunction which is not involved in the subject action.)

Appellant requested a post-suspension hearing from the medical board, which hearing was scheduled for January 18, 1989. The alleged violation of R.C. 4731.22(B), which formed a predicate for both the summary suspension order and the revocation, was appellant's care and treatment of five obstetrical patients between May 27, 1984 and March 1, 1987. Over objections of counsel for appellant, the hearing commenced on January 18, 1989, even though a list of sixteen witnesses had not been delivered to counsel by the medical board until the evening before. The hearing was completed, and the hearing examiner issued a report on March 8, 1989, which was considered by the medical board at its meeting on April 12, 1989, which meeting the board refused to permit appellant to record stenographically at his own expense. On April 14, 1989, the medical board issued a final order revoking appellant's certificate to practice medicine and surgery in the state of Ohio, which order appellant timely appealed to the Franklin County Court of Common Pleas.

The common pleas court affirmed the decision of the medical board. Although questioning the appropriateness of the last-minute disclosure of the medical board expert and other witnesses, the court concluded that appellant had not been prejudiced thereby. Despite appellant's being a well-trained and experienced obstetrician-gynecologist, evidence was adduced that, as to each of the five patients involved, the appellant failed to meet minimal standards of care of similar practitioners under the same or similar circumstances.

By the first assignment of error, appellant contends that his right to due process of law was denied by the medical board. Appellant contends essentially that, since his counsel was not advised of the names of the medical board's witnesses until the day before the hearing commenced, and that only at that time did the medical board inform him of the details of the charges against him, he did not have sufficient time to prepare his defense and, accordingly, was denied due process. On the other hand, the medical board contends that appellant had ample time to prepare a defense, having been given detailed notice of the charges against him at the time of the summary suspension order.

The notice of opportunity for hearing contains a detailed description of the seven allegations against appellant and refers to specific sections of R.C. 4731.22, which formed the predicate for the charges. The allegations refer to appellant's five patients by a patient code. A copy of the key was attached. Appellant was able immediately to appeal the summary suspension order, as well as to seek a preliminary injunction from the court of common pleas. Appellee contends that appellant's counsel did not make a formal request for

the witness list until one day before the scheduled hearing, and such list was promptly furnished to counsel on that day. Forty-one days elapsed between the first notification to appellant and the commencement of the hearing before the medical board.

A review of the record does not substantiate appellant's contentions. The record is quite voluminous, a substantial portion of which consists of cross-examination of the medical board's witnesses by appellant's counsel. A review of the cross-examination gives no indication that counsel was not prepared or otherwise was unable to conduct an effective defense.

■ Appellant also contends that he was prejudiced because he did not learn until after the hearing that one of the witnesses, Dr. Yates, was acquainted with the medical board representative. However, such representative, even if she attended the hearing on behalf of the medical board, was neither counsel for the board nor the hearing officer.

Even though a review of the record indicates that the request for a list of witnesses was filed five days prior to the time that the information was given to appellant's counsel, we find no prejudice demonstrated. Furthermore, the original charges were quite explicit as to the conduct of appellant, which was alleged to constitute a violation of R.C. 4731.22(B)(6) with respect to five of the charges and R.C. 4731.22(B)(5) with respect to the other two charges.

Furthermore, appellant's written request for a continuance of the hearing was predicated primarily upon the fact that he had been indicted by the grand jury in Cuyahoga County, rather than upon an inability to prepare a defense. Nor does appellant contend that he was denied an opportunity in the court of common pleas to present any evidence in his defense which he could not obtain to present before the medical board by reasonable diligence or by reason of his having inadequate time.

Although appellant repeatedly contends that he was denied a reasonable opportunity to be heard in his defense, he has pointed to nothing that he would have done differently and nothing additional that he would or could have done either with respect to preparing a defense or presenting evidence in his defense. Obviously, both for the benefit of appellant and for the public, a prompt hearing was desirable to ascertain whether appellant's certificate to practice medicine and surgery should be revoked. Even if we were to agree with appellant that the medical board in this instance acted with greater haste than necessary and even put undue pressure upon appellant and his counsel requiring them to devote an extraordinary amount of time to the single case during the short period of time involved, appellant has not demonstrated how he was prejudiced, nor how in fact he was unable to prepare a defense. The

fact that the defense was not successful does not indicate inadequate opportunity to prepare.

A review of the record indicates that appellant's counsel was able to cross-examine the medical board's witnesses and to present a defense in a most competent matter. There is no suggestion from the record that counsel was ill-prepared, and there has been no indication of anything additional counsel could or should have done or presented in connection with the defense. In short, we find no denial of due process, since the voluminous record indicates appellant was well-represented and well-defended at the hearing. The first assignment of error is not well taken.

By the second assignment of error, appellant contends that the State Medical Board violated R.C. 121.22 in that its deliberations were not conducted in a meeting open to the public, although the vote of the State Medical Board adopting the order of revocation was taken at a meeting open to the public in full compliance with R.C. 121.22.

The initial issue is the applicability of R.C. 121.22 to the deliberations of a quasi-judicial body, leading to the making of an adjudication. Although R.C. 121.22 makes no general exception for judicial or quasi-judicial deliberations, even of the deliberations of a jury in either a civil or criminal case, it necessarily follows that such deliberations are not intended to be within the purview of the open-meeting requirement of R.C. 121.22. R.C. 121.22(A) provides:

"This section shall be liberally construed to require public officials to take official action and to conduct all deliberations upon official business only in open meetings, unless the subject matter is specifically excepted by law."

The two crucial words are "action" and "business." R.C. 121.22(B) defines "public body" as "any board, commission, committee, or similar decision-making body * * *." Such language does not connote adjudications.

Nor does R.C. 121.22(A) include adjudicatory hearings within the meaning of "meeting," which is defined as "any prearranged discussion of the public business of the public body by a majority of its members." Compounding the problem, however, is the provision of R.C. 121.22(D), which, although making no express exception for adjudicatory deliberations, does provide that: "This section does not apply * * * to the state medical board when determining whether to suspend a certificate without a prior hearing pursuant to division (D) of Section 4731.22 of the Revised Code." On the other hand, R.C. 121.22(G) provides for the holding of "an executive session * * * only at a regular or special meeting for the sole purpose of the consideration of any of the following matters * * *." Included are personnel, including disciplinary matters, purchase or sale of property, conferences with an attorney, matters required to be confidential by law, and details of security arrangements.

More specifically, R.C. 121.22(G)(1) provides for an executive session with respect to "the investigation of charges or complaints against a * * * licensee or regulated individual unless the * * * licensee * * * requests a public hearing." Such provision applies only to the hearing itself and not to deliberations of the adjudicatory body after the hearing is completed.

Accordingly, we conclude that the deliberations of a quasi-judicial administrative tribunal as to the action to be taken following a public hearing upon charges against a licensee need not be open to either the licensee or the public, although the final action or vote of the quasi-judicial tribunal must be conducted in an open meeting.

■ However, even if R.C. 121.22 be applicable to quasi-judicial deliberations of an administrative tribunal, the evidence supports the trial court determination that there was no violation in this instance. Appellant predicates his contention that the board conducted deliberations in an executive session upon the fact that very little discussion took place at the open meeting at which the board unanimously adopted the report and recommendation of the hearing examiner.

Although an executive session was conducted in connection with that meeting, the minutes of the executive session do not indicate that the matter of the license of appellant was discussed during the executive session. Rather, the executive session was called "to confer with the attorney general's representatives on matters of pending or imminent court action." This matter is confused by the fact that, at the time in question, there was a court action pending brought by appellant against the State Medical Board, which would be the proper subject of discussion in an executive session pursuant to R.C. 121.22(G)(3), which expressly permits such discussions to be conducted at an executive session not open to the public.

The case of State, ex rel. Delph, v. Barr (1989), 44 Ohio St.3d 77, 541 N.E.2d 59, does not require a different result. That case involved a strictly administrative or executive function, namely, the appointment of a chief of police, and in no way involved quasi-judicial deliberations by an administrative tribunal. Although the Supreme Court in Delph expressly held the civil service commission's action to be invalid under R.C. 121.22(H), the appellant in that case did not contest the finding of the court of appeals that the commission had violated R.C. 121.22 by acting on the certification of the police chief at a private meeting. Here, no action was taken at a private meeting, and there is no evidence that any deliberations (other than possibly in connection with the pending or other imminent litigation) took place at an executive session. As far as the record indicates, everything pertaining to the revocation of appellant Angerman's license to practice medicine took place at the regular meeting open to the public. Accordingly, the second assignment of error is not well taken.

■ By the third assignment of error, appellant contends that the common pleas court erred in finding the order of the State Medical Board revoking appellant's certificate to practice medicine and surgery to be supported by substantial, reliable, and probative evidence. The State Medical Board had before it expert testimony opining that appellant failed to conform to minimum standards of care with respect to the five patients in question. Appellant contends that the medical expert's opinions are questionable because certain of his opinions are inconsistent with those of other obstetricians and because his opinions were predicated upon facts contained in the medical records which are incomplete due to lack of charting by nurses. Appellant then contends that the board improperly discounted his testimony and that of his "independent" witnesses.

A review of the record indicates that there is evidence to support the findings of the State Medical Board even though there may be evidence which would support a different conclusion. Although the common pleas court engages in a limited weighing of the evidence, we can find no abuse of discretion on the part of that court in finding the board's order to be supported by reliable, probative, and substantial evidence.

■ Appellant further complains because the common pleas court declined to review the appropriateness of the penalty imposed by the State Medical Board, which relies upon two cases which it contends indicates the court has no authority to consider the penalty in any case. See *Henry's Cafe, Inc. v. Bd. of Liquor Control* (1959), 170 Ohio St. 233, 10 O.O.2d 177, 163 N.E.2d 678; and *Pioneer Chevrolet–Cadillac, Inc. v. Motor Vehicles Dealers Bd.* (1985), 17 Ohio St.3d 50, 17 OBR 42, 476 N.E.2d 1057. No issue concerning penalty was raised, discussed, or determined in *Pioneer* and, thus, it has no application. *Henry's Cafe*, which forms the predicate for the reported and unreported court of appeals' decisions relied upon by the board, does support the board's position in that the third paragraph of the syllabus of *Henry's Cafe* holds that "the Court of Common Pleas has no authority to modify a penalty that the agency was authorized to and did impose, on the ground that the agency abused its discretion." However, *Henry's Cafe* is not as broad as urged by appellee as to hold that the penalty is beyond the scope of review of the common pleas court. Rather, that case held that abuse of discretion was not within the scope of the common pleas court review as specified by R.C. 119.12, which indicates that the scope of review is whether "the order is supported by reliable, probative, and substantial evidence and is in accordance with law." *Henry's Cafe* indicates that the propriety of the sanction may be considered within the purview of the scope of review specified in R.C. 119.12.

Nevertheless, we find no error or abuse of discretion on the part of the common pleas court in this instance. That portion of the practice of appellant

which the State Medical Board found to fall below minimum standards and to be the ground for a finding of guilt of the charges made by the board against appellant resulted in the death of several infants. While such conclusion is not necessarily required by the evidence as a matter of law, it most certainly is supported by reliable, probative, and substantial evidence, justifying such conclusion by the State Medical Board. Under such circumstances, there is nothing inappropriate about the sanction imposed by the State Medical Board (revocation of appellant's certificate to practice medicine and surgery), within the purview of the scope of review set forth in R.C. 119.12. The third assignment of error is not well taken.

For the foregoing reasons, all three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and SMART, JJ., concur.

IRENE B. SMART, J., of the Fifth Appellate District, sitting by assignment.