On July 10, 1996, the State Medical Board of Ohio ("board") notified John Paul King, M.D., by letter, of its intention to determine whether action should be taken against Dr. King's license to practice medicine in Ohio. The notice charged Dr. King with failing to conduct appropriate histories and physical examinations, failing to make diagnoses, failing to appropriately follow-up on abnormal lab reports, failing to work-up patients, inappropriately prescribing controlled substances and other dangerous drugs and/or improperly utilizing thyroid medication. In addition, it was charged that Dr. King failed to meet minimum standards of care in that his records routinely failed to include appropriate documentation including the patient's medical and family history and documentation of examinations.
A hearing was held before an attorney hearing examiner. The hearing examiner issued a report and recommendation which included a recommendation that Dr. King's medical license be permanently revoked. On June 11, 1997, the matter went before the board. The board found: Dr. King's care and treatment of forty-four patients fell below the minimum standards of care as set forth in R.C. 4731.22(B)(6); Dr. King failed to use reasonable care discrimination in the administration of drugs and/or failed to employ acceptable scientific methods in the selection of drugs or other modalities for treatment of disease as set forth in R.C. 4731.22(B)(2); and Dr. King failed to comply with Ohio Adm. Code 4731-11-03 regarding the prescribing of Schedule II controlled stimulants and Ohio Adm. Code4731-11-04 regarding the prescribing of controlled substances for weight reduction. The board voted unanimously to permanently revoke Dr. King's license.
Dr. King appealed the board's order to the Franklin County Court of Common Pleas pursuant to R.C. 119.12. On July 14, 1997, Dr. King filed a motion requesting suspension of the board's order during the pendency of the appeal. On August 1, 1997, the common pleas court granted Dr. King's motion, in part, holding Dr. King could engage in the limited practice of conducting Federal Aviation Administration ("FAA") flight examinations. Each party then filed briefs. Dr. King argued, in part, that the board order permanently revoking his medical license was not supported by reliable, probative and substantial evidence and was not in accordance with law.
On March 23, 1998, the common pleas court rendered its decision. The court indicated that the record reflected Dr. King did not contest the charges against him (for example, Dr. King did not file objections to the report and recommendation), and the issue before the board was what sanction should be imposed. Relying upon a recent Franklin County Court of Common Pleas decision, the court indicated it had reviewed the board's internal guidelines on discipline and found there would be no threat to public health or risk of repetition if Dr. King was limited to conducting FAA flight examinations subject to board monitoring. The court found the board order regarding violations was supported by reliable, probative and substantial evidence and was in accordance with law. However, the court found the sanction imposed was not so supported and modified the permanent revocation as indicated above. A judgment entry was journalized on April 28, 1998.
The board (hereinafter "appellant") has appealed to this court, assigning the following as error:
 "In an administrative appeal of an agency order pursuant to R.C. 119.12, if the common pleas court finds that the order is supported by reliable, probative and substantial evidence, and that the sanction chosen by the agency is authorized by law, the court commits error if it modifies that penalty."
Appellant contends that based upon the Supreme Court of Ohio's decision in Henry's Café, Inc. v. Bd. of Liquor Control
(1959), 170 Ohio St. 233, and its progeny, the common pleas court had no authority to modify the board's sanction since it found the order with regard to the violations was supported by reliable, probative and substantial evidence and was in accordance with law. Indeed, the case law arising from state medical board cases on this issue hold that the common pleas court, in concluding the board's order is supported by reliable, probative and substantial evidence, is precluded from interfering with or modifying the penalty imposed if such penalty is authorized by law. See Roy v. Ohio State Med. Bd.
(1992), 80 Ohio App.3d 675, 683, citing Henry's Café, supra;DeBlanco v. Ohio State Med. Bd. (1992), 78 Ohio App.3d 194,202; and Sicking v. Ohio State Med. Bd. (1991), 62 Ohio App.3d 387,395.
This is precisely what has occurred in the case at bar. The common pleas court specifically found that the board's order was supported by reliable, probative and substantial evidence and was in accordance with law, yet it modified the penalty. In doing so, it relied upon the decision in Garwood v. State Med.Bd. of Ohio, (July 24, 1997), case No. 96CVF-03-2239. In that case, the sole issue turned on the sanction imposed by the board. The common pleas court found that the board did not consider its own internal guidelines and that this led to unequal and arbitrary treatment of Dr. Garwood. The court concluded that although the finding of violations was supported by reliable, probative and substantial evidence, the penalty was not. Therefore, the common pleas court remanded the case to the board with instructions for the board to consider the internal guidelines.
The case was appealed to this court and, on May 5, 1998, this court rendered an opinion, reversing the common pleas court's judgment. See Garwood v. State Med. Bd. of Ohio (May 5, 1998), Franklin App. No. 97APE10-1325, unreported (1998 Opinions 1752) appeal dismissed, no substantial constitutional question, discretionary appeal not allowed in (1998), 83 Ohio St.3d 1429. Our opinion in Garwood addresses the issues involved in the case at bar and for the reasons that follow, we reverse the judgment of the common pleas court.
Appellee first contends that appellant could not appeal from the common pleas court's judgment because the decision therein involved only questions of fact and, therefore, was not appealable by appellee under R.C. 119.12. R.C. 119.12 provides for when an agency may appeal from a judgment of the common pleas court and states:
 "* * * Such appeal by the agency shall be taken on questions of law relating to the constitutionality, construction, or interpretation of statutes and rules of the agency * * *."
This issue was addressed in Garwood. In Garwood, the physician argued the board could not appeal the common pleas court's judgment because that court did not construe or interpret any statutes or rules but merely found the sanction imposed was not supported by the evidence. Garwood at 1754. However, this court noted that the court failed to follow the reasoning in Henry's Café and its progeny regarding modification of sanctions and improperly reviewed the board's internal guidelines. Id. at 1755-1757. We pointed out that R.C.4731.22(B) addresses what sanctions may be imposed, and such statute says nothing about the board's internal guidelines. Id.
at 1755-1757. Accordingly, this court held that in imposing an additional requirement upon the board to consider its internal guidelines, the common pleas court misinterpreted R.C.4731.22(B). Id. at 1757. Because such involved a question of law relating to the interpretation or construction of a statute, the board could appeal under R.C. 119.12. Id.
The same analysis can be applied here. In reviewing appellee's internal guidelines and modifying appellee's sanction, the common pleas court misinterpreted R.C.4731.22(B). Therefore, a question of law relating to the interpretation of a statute exists, and appellant could appeal under R.C. 119.12.
We now address the merits of appellant's appeal. As already indicated, appellant contends the common pleas court could not modify the penalty imposed since it found appellant's order was otherwise supported by reliable, probative and substantial evidence and was in accordance with law. Again, theGarwood opinion applies and, in line with Henry's Café and its progeny, states that once the common pleas court determines the board's finding of violations is supported by reliable, probative and substantial evidence, it is precluded from interfering with or modifying a penalty that is authorized by law. Garwood at 1757-1758. The sanction of permanent revocation is authorized by R.C. 4731.22(B). Therefore, the common pleas court erred in modifying appellant's lawfully-imposed sanction.
We note that certain cases cited by appellee in support of his position that the common pleas court could modify the sanction are either inapplicable to the case at bar or do not change the outcome. Hale v. Ohio State Veterinary Medical Bd.
(1988), 47 Ohio App.3d 167, for example, is essentially in line with the holding in Henry's Café. The court in Hale stated that the common pleas court determines whether the sanction is lawful and that in considering the appropriateness of the sanction imposed, the common pleas court only determines whether the sanction is within the realm of acceptable choices for the particular infraction. Id. at 169. In addition,Hale involved the veterinary board and not the medical board.
Appellee also cites Arcuragi v. Miami Univ. (1995), 103 Ohio App.3d 455, which involved an R.C. 119.12 appeal from a State Personnel Board of Review ("SPBR") order that disaffirmed the employer's removal of an employee and reduced the discipline to a suspension. On appeal to the common pleas court, such court reversed the SPBR order and reinstated the employee's removal.Id. at 458. This case has no bearing on our holding in the case at bar. The Arcuragi case was an employment case involving the SPBR, not the state medical board. There is a clear line of cases involving the state medical board that hold the common pleas court cannot modify a sanction lawfully imposed when the board's order is supported by reliable, probative and substantial evidence. These are the cases that apply to the case at bar.
Finally, appellee points to the case of Angerman v. OhioState Medical Bd. (1990), 70 Ohio App.3d 346. However, Angerman
does not hold, as appellee asserts, that sanctions are subject to review even though the existence of violations is upheld. (See appellee's brief at 5.) The Angerman opinion discussedHenry's Café and stated that such case did not hold that the penalty is beyond the scope of review of the common pleas court. Angerman at 353. Instead, the Angerman court stated thatHenry's Café held that abuse of discretion was not within the scope of the common pleas court's review. Id. Rather, the scope of review, as set forth in R.C. 119.12, is whether the order is supported by reliable, probative and substantial evidence and is in accordance with law. Id.
State Medical Board cases that followed Angerman, including those cases cited in this opinion, specifically addressed the question at issue here. Again, the clear law on this issue is that the common pleas court, in concluding the board's order is supported by reliable, probative and substantial evidence, is precluded from interfering with or modifying the penalty imposed if such penalty is authorized by law. See Roy;DeBlanco; Sicking; and Garwood, supra.
The common pleas court here, in finding appellant's order as to the existence of violations was supported by reliable, probative and substantial evidence and was in accordance with law, was precluded from modifying the lawful sanction imposed by appellant. Accordingly, appellant's assignment of error is sustained.
Having sustained appellant's sole assignment of error, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to such court with instructions to reinstate appellant's order in its entirety.
Judgment reversed and cause remanded with instructions.
LAZARUS, P.J., and PETREE, J., concur.