DECISION AND JUDGMENT ENTRY
This appeal comes to us from the Lucas County Court of Common Pleas. It concerns the propriety of a summary judgment issued in favor of the Lucas County "Courthouse Facilities Committee," numerous elected and appointed Lucas County officials and two ministers in a dispute over who is permitted to conduct marriages in the county courthouse. Because there are no genuine issues of material fact and appellees are entitled to judgment as a matter of law, we affirm.
For a number of years a limited number of ministers have been permitted to perform marriages in the Lucas County Courthouse. The ministers are restricted to portions of the first floor of the building and an area near the second floor office of the probate court's marriage license bureau. The ministers generally receive "donations" from the couples for whom they perform this service. Probate court employees often inform couples of the availability of the ministers.
The judges have delegated their authority over routine operations of the courthouse to the Courthouse Facilities Committee — a committee consisting of the court administrators of the general and probate divisions and the sheriff's deputy in charge of courthouse security. On June 19, 1996, the committee promulgated a directive requiring the ministers who wished to continue to perform marriages in the courthouse to submit, "* * * a copy of the license [to perform marriages] issued by the Secretary of State and a current letter from the religious society or congregation with which he or she is affiliated,"[1] by July 15, 1996.
All of the courthouse ministers complied with the facilities committee's directive in a timely manner except for appellant, Theodore A. Wright. On July 15, appellant met with two members of the facilities committee and requested, but was denied, an extension of time to comply with the directive. Even though appellant submitted the documentation four days later, the facilities committee, nonetheless, suspended his privilege to conduct marriages in the courthouse.
Appellant requested and was granted a reconsideration hearing on the matter. On September 20, 1996, he appeared before the committee with counsel and was given the opportunity to argue factors mitigating his tardy compliance with the committee's directive. The board, however, declined to reinstate appellant's privileges.
Appellant then brought suit against the Courthouse Facilities Committee, the Lucas County Board of County Commissioners and the individual members of both groups. Also named were two other courthouse ministers and twenty-five "Does." Appellant charged that appellees inflicted emotional distress and financial loss upon him by denying his right to perform marriages under Ohio law and by barring his enterprise in the courthouse without due process. Appellant also charged that the meetings of the facilities committee violated Ohio's Open Meeting Act.
Following a failed mediation attempt, appellees moved for summary judgment, arguing that (1) appellant's license to perform marriages created no cognizable rights upon which he could base a cause of action; (2) because appellant had no constitutionally protected right to perform marriages in the Lucas County Courthouse, he was not entitled to due process; (3) the Courthouse Facilities Committee performed a judicial or a quasi-judicial function not embraced within R.C. 121.22, the Open Meeting Statute; (4) appellees governmental officials are entitled to immunity pursuant to R.C. 2744.02; and (5) appellant failed to demonstrate any damages resulting from appellees' alleged misbehavior. Appellant did not reply to appellees' motion.
The trial court determined that appellant failed to establish a "right" to perform marriages in the Lucas County Courthouse. While his state licensure might give him the right to solemnize marriages generally, it bestows no specific right to do so within the courthouse. Absent a legal or factual basis that a right to perform marriages in the courthouse existed, the trial court concluded that appellant could not prevail. Moreover, on the open meeting issue and the immunity defense, the trial court found appellant's failure to present any evidence that the facilities committee did not function in a quasi-judicial or judicial capacity or that the governmental defendants were not immune precluded survival of the open meeting issue and mandated viability of the immunity defense. On these conclusions, the trial court granted appellees' motion for summary judgment.
Appellant now appeals, setting forth five assignments of error, going to either the sufficiency of the affidavit supporting appellees' motion for summary judgment or the propriety of the trial court's consideration of the motion. Pursuant to 6th Dist.Loc.App.R. 12(C), we sua sponte transfer this matter to our accelerated docket and, hereby, render our decision.
On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v. SaratogaApts. (1989), 61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated:
 "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 67, Civ.R. 56(E).
When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, Mitseff v.Wheeler (1988), 38 Ohio St.3d 112, syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); Riley v. Montgomery (1984), 11 Ohio St.3d 75, 79. A "material" fact is one which would affect the outcome of the suit under the applicable substantive law. Needham v. Provident Bank
(1996), 110 Ohio App.3d 817, 826, citing Anderson v. LibertyLobby, Inc. (1986), 477 U.S. 242, 248.
Our review of the trial court's decision reveals that the court gave appellant every consideration required by Civ.R. 56. In fact, even though appellant submitted no response to the motion, the trial court examined his arguments advanced in other pleadings. Even with this liberal consideration, the court was forced to conclude that, as required by Civ.R. 56(E), appellant had failed to come forth with any evidence demonstrating that he had a right to perform marriages in the Lucas County Courthouse. Absent any legal or factual basis to assert such a right, his claims stemming from revocation of such privileges must fail.
With respect to the assertions of an open meeting violation, the statute does not apply to judicial or quasi-judicial functions. See R.C. 121.22(B)(1); Sherer v. Hahn (1988),52 Ohio App.3d 8, 12; Angerman v. State Medical Bd. (1990),70 Ohio App.3d 346, 351. Appellees insisted the facilities board's actions constituted a delegated judicial or quasi-judicial function. Appellant presented no evidence to challenge this assertion. Therefore, pursuant to Civ.R. 56(E), appellees were entitled to summary judgment on this issue. Accordingly, appellant's first, second, third and fifth assignments of error are not well-taken.
With respect to appellant's assertion that the Lucas County Probate Court Administrator's affidavit of facts was not based on competent knowledge, appellant did not raise this issue before the trial court and even now fails to provide specific instances wherein the probate court administrator's affidavit was not based on direct knowledge. Consequently, appellant has either waived the issue by failing to object in the trial court, seeSchade v. Carnegie Auto Body (1982), 70 Ohio St.2d 207, 210, or failed to support it with specific facts as required by Civ.R. 56(E). In either event, appellant's fourth assignment of error is not well-taken.
On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ JUDGE Peter M. Handwork, P.J.
 _______________________________ JUDGE CONCUR. Melvin L. Resnick, J.
 _______________________________ JUDGE James R. Sherck, J.
[1] Pursuant to R.C. 3101.08 and 3101.10, in order to perform marriages in Ohio, a minister must be both licensed and currently affiliated with a religious society or congregation.