OPINION *Page 2 
{¶ 1} This matter is on appeal from the trial court's dismissal of appellant Kathryn Walker's complaint against the Muskingum Watershed Conservancy District Court and the Muskingum Watershed Conservancy District for failure to state a claim upon which relief could be granted.
 STATEMENT OF FACTS AND CASE {¶ 2} The Muskingum Watershed District was created in 1934, and encompasses all or part of eighteen counties. Appellant, Kathryn Walker, is the owner of land situated within the jurisdiction of the Muskingum Watershed Conservancy District. Appellant opposes the manner in which the Muskingum Watershed District Court adopted the Muskingum Watershed Conservancy District's plan to assess parcels in order to finance maintenance of the district.
 {¶ 3} As such, on November 1, 2006, the appellant filed a verified complaint against appellees, the Muskingum Watershed Conservancy District (hereinafter "conservancy district"), and the Muskingum Watershed Conservancy District Court (hereinafter "conservancy court"). In the complaint, appellant alleged that appellee, Muskingum Watershed District Court, violated R.C. 121.22, "the Open Meetings Act", by deliberating in meetings, not open to the public, wherein "legislative style" decisions were made regarding the oversight of the Muskingum Watershed Conservancy District. Appellant further argued that as a result of the violations, any orders or decisions by the conservancy court were void, and consequently, any actions by the conservancy district in reliance on the conservancy court's decisions were likewise void. In conclusion, *Page 3 
appellant sought as her requested relief, a temporary restraining order, as well as a preliminary and permanent injunction and financial penalties for each alleged violation.
 {¶ 4} On November 29, 2006, prior to the answer deadline, the conservancy court moved to dismiss appellant's complaint pursuant to Civ. R. 12(B)(6). In support, appellee argued that the complaint failed to state a claim upon which relief could be granted. Specifically, appellee argued that the Open Meetings Act, as set forth in R.C. 121.22, does not apply to the conservancy court because it is a judicial body engaged in judicial decision making. Appellee further argued that if there were no viable claims against the conservancy court then the complaint as to the conservancy district, (which was wholly dependent on the allegations against the conservancy court), should also be dismissed.
 {¶ 5} On December 14, 2006, in lieu of filing a memorandum in opposition to appellee's motion to dismiss, appellant filed an amended verified complaint. The amended complaint added a sixth count in which the appellant asserted that the conservancy court did not act as a judicial body during its "executive session decision making process" and therefore the Open Meetings Act was applicable.
 {¶ 6} On December 22, 2006, the conservancy district filed a motion to dismiss appellant's amended verified complaint pursuant to Civ. R. 12(B)(6). In the motion, the conservancy district argued that appellee's amended complaint did not make any substantive changes to the original complaint and therefore the argument that a judicial body is not subject to the Open Meetings Act still applied. Accordingly, appellee reiterated the conservancy court's arguments, that if there is no legal basis for the *Page 4 
claims against the conservancy court then the complaint as to both defendants must be dismissed.
 {¶ 7} On January 2, 2007, appellant filed a memorandum in opposition to the appellees' motions to dismiss.
 {¶ 8} On January 12, 2007, Judge H.F. Inderlied, Jr., sitting by assignment, granted the appellees' motions to dismiss for the following reasons:
 {¶ 9} "1. The District Court is a division of the Tuscarawas County Court of Common Pleas by statutory designation and is not sui juris, and therefore, may not sue or be sued as a matter of law. It is not appropriate for this court to re-assess that designation or that capacity.
 {¶ 10} "2. The legislative designation of quasi-legislative and quasi-administrative functions to a statutorily-created conservancy court is a constitutional exercise, notwithstanding plaintiff's assertions regarding the Conservancy Act of 1914.
 {¶ 11} "3. The Open Meetings Act of Ohio excludes courts from the definition of "public body" with the sole exception of the `sanitation court.' Although similar in creation and function to the Conservancy Courts, the Sanitation Courts (statutorily created after the Conservancy Courts) were given a legislatively limited inclusion under the Open Meetings Act for some non-judicial activity. The Conservancy Courts have never been given such treatment despite fifty-two years of legislative opportunity to do so. The Open Meetings Act is not subject to judicial revision and the Conservancy Courts are not subject to the dictates of the Open Meetings Act.
 {¶ 12} "4. The amended verified complaint alleges only violations of the Open Meetings Act by the District Court. The District Court and the District are separate *Page 5 
entities with separate functions, notwithstanding the unusual manner of their creation. The activities of the District Court are not to be considered the activities of the district."
 {¶ 13} It appears that thereafter, on January 12, 2007, after the judgment dismissing appellant's verified complaint had been executed, appellant filed a motion for leave to file a second amended complaint. In the motion, appellant sought leave to amend the complaint to substitute parties. Specifically, appellant moved to substitute the individual judges in their official capacities for the conservancy court as an individual entity. As a result of the dismissal of appellant's complaint, appellant's motion to file a second amended complaint was rendered moot.
 {¶ 14} It is from the judgment of dismissal that appellant now seeks to appeal setting forth the following assignments of error:
 {¶ 15} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FOUND THAT THE OPEN MEETINGS ACT EXCLUDED COURTS FROM THE DEFINITION OF A "PUBLIC BODY" AND IGNORED THE DIFFERENCE BETWEEN A "MEETING" THAT IS SUBJECT TO THE ACT, AND A "HEARING" THAT IS NOT SUBJECT TO THE ACT.
 {¶ 16} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DISMISSED MRS. WALKER'S COMPLAINT WITHOUT CONSIDERING HER TIMELY MADE; GOOD-FAITH REQUEST TO AMEND HER COMPLAINT THAT WAS ALREADY PENDING BEFORE THE COURT."
 I {¶ 17} In the first assignment of error the appellant argues that the trial court erred in dismissing her amended verified complaint for failure to state a claim upon *Page 6 
which relief could be granted i.e. Civ. R. 12(B)(6). Specifically, appellant argues that there is a distinct difference between scheduled, non-adversarial meetings and judicial adversarial hearings. Appellant argues that meetings of the conservancy court which are held for the purpose of conducting public business should be considered public meetings included under the open meetings act. Appellant further argues that R.C. 121.22 (B) should be liberally construed to include the Conservancy Court as a public body. Appellant collaterally argues that the statutory scheme provided by R.C. 6101.07 for the assignment of judge's to the conservancy court is unconstitutional.
 {¶ 18} The standard of review on a Civ. R. 12(B)(6) motion to dismiss is de novo. Greeley v. Miami Valley Maintenance Contrs., Inc. (1990),49 Ohio St. 3d 228, 229, 551 N.E.2d 981. Therefore, this Court applies the same standard of review to the motion to dismiss as the trial court.
 {¶ 19} When a trial court rules on a motion to dismiss for failure to state a claim, the complaint's factual allegations must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party. Vail v. Plain Dealer Publishing Co. (1995), 72 Ohio St.3d 279,649 N.E.2d 182; Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190,192, 532 N.E.2d 753, 756. A motion to dismiss can only be granted, where the party opposing the motion is unable to prove any set of facts that would entitle the party to the relief requested. Kenty v. TransamericaPremium Ins. Co. (1995), 72 Ohio St.3d 415, 418, 650 N.E.2d 863,865-866; York v. Ohio State Hwy. Patrol (1991), 60 Ohio St.3d 143,573 N.E.2d 1063.
 {¶ 20} R.C. 121.22, The Open Meetings Act, is designed to require public officials to conduct official business in open meetings and states as follows: *Page 7 
 {¶ 21} "This section shall be liberally construed to require public officials to take action and to conduct all deliberations upon official business only in open meetings unless the subject matter is specifically excepted by law." R.C. 121.22(A). "All meetings of any public body are declared to be public meetings open to the public at all times." R.C. 121.22(C). "A resolution, rule, or formal action of any kind is invalid unless adopted in an open meeting of the public body." R.C. 121.22(H). "Any person may bring an action to enforce this section." R.C. 121.22(I)(1).
 {¶ 22} R.C. 121.22(B)(1) applies exclusively to public bodies and defines a "public body" as follows:
 {¶ 23} "(a) Any board, commission, committee, council, or similar decision making body of a state agency, institution, or authority, and any legislative authority or board, commission. Committee, council, agency, authority, or similar decision-making body of any county, township, municipal corporation, school district, or other political subdivision or local public institution;
 {¶ 24} "(b) Any committee or subcommittee of a body described in division B(1)(a);
 {¶ 25} "(c) Any court of jurisdiction of a sanitary district organized wholly for the purpose of providing a water supply for domestic, municipal, and public use when meeting for the purpose of the appointment, removal, or re-appointment of a member of the board of directors of such district * * *"
 {¶ 26} Pursuant to R.C. 121.22(B)(2) a meeting is defined as "any pre-arranged discussion of the public business of the public body by a majority of the members." A resolution, rule, or formal action adopted in a meeting not open to the public is invalid *Page 8 
unless the deliberations were for a purpose specifically authorized in division (G) or (J) of this section and conducted in an executive session held in compliance with this section. R.C. 121.22(H).
 {¶ 27} R.C. 121.22 is only applicable to public bodies performing public functions at public meetings. The definition of public bodies does not include courts, with one exception, the sanitation court.[1]
Otherwise, R.C. 121.22 is not applicable to judicial bodies, or judicial or quasi-judicial functions. See TBC Westlake v. Hamilton Cty. Bd. OfRevision (1998), 81 Ohio St. 3d 58, 62, 1998-Ohio-445, 689 N.E.2d 32,35; Wright v. Courthouse Facilities Committee, Lucas App. No. L-99-1090 (November 12, 1999), unreported, Sherer v. Hahn (1988),52 Ohio App.3d 8, 556 N.E.2d 200; Angerman v. State Medical Bd. (1990),70 Ohio App.3d 346, 591 N.E.2d 3. Furthermore, R.C. 121.22 is not applicable to deliberations of a quasi judicial body, leading to the making of an adjudication. "Such deliberations are not intended to be within the purview of the open meeting requirement." Angerman v. State MedicalBd., 70 Ohio App.3d at 351, 591 N.E.2d 3. This glaring legislative exclusion of the courts is logical considering that courts, as judicial bodies, require privacy to deliberate, i.e. to evaluate and resolve disputes. This privacy frees a judicial body from the open pressure of the litigants as it contemplates the case and provides members with an opportunity to candidly discuss legal issues and facts in order to reach a sound decision. TBC Westlake v. Hamilton Cty. Bd. Of Revision,81 Ohio St.3d at 62, 689 N.E.2d at 35. As a matter of law, courts can not sue or be sued. Malone v. Court of Common Pleas of Cuyahoga County (1976), *Page 9 45 Ohio St.2d 245, 248, 344 N.E.2d 126; State ex rel. ClevelandMunicipal Court v. Cleveland City Council (1973), 34 Ohio St.2d 120,121, 296 N.E.2d 544; see also, Mayer v. Cincinnati (1938),60 Ohio App. 119, 120, 19 N.E.2d 902; State ex rel. Conley v. Stark Cty. Common PleasCourt, Stark App. No. 2007CA00253, 2007-Ohio-5253.
 {¶ 28} Pursuant to R.C. 6101.07, a conservancy court is a statutorily created court of common pleas having jurisdiction over a conservancy district.[2] This legislation essentially provides the "recipe" for creating a court composed of individual judges who have been elected to the courts at general elections within the multiple common pleas jurisdictions of the conservancy district. These judges sit as a body of judicial members on this hybrid, statutorily created court of common pleas, i.e. the conservancy court. The responsibilities of these judicial members, includes general oversight of the conservancy district. Some of these responsibilities appear to be non-adversarial in nature, such as the appointment of conservancy district board members, or quasi judicial, such as private deliberations to approve a conservancy district plan.
 {¶ 29} R.C. 6101.07 states in pertinent part as follows:
 {¶ 30} "Upon the determination of a judge of the court of common pleas that a sufficient petition has been filed in the court in accordance with section 6101.05[3] of the Revised Code, the judge shall give notice of the petition to the court of common pleas of each county included in whole or in part within the proposed conservancy district. The judge of the court of common pleas of each county, or in the case of any county having more than one judge, one judge assigned by order of the judges of the court of common *Page 10 
pleas of the county, shall sit as the court of common pleas of the county in which the petition was filed to exercise the jurisdiction conferred by this chapter. . . . The court shall adopt rules of practice and procedure not inconsistent with this chapter and the general laws of this state." In Miami County v. Dayton (1915), 92 Ohio St 215,110 N.E. 726, the Supreme Court discusses the function of a conservancy court. In the opinion, the Court recognizes that the responsibilities of the Conservancy Court are that of a court of common pleas court having jurisdiction to proceed with trials, hold hearings and hear objections on certain issues and appoint directors and appraisers. The court further found that these responsibilities are "judicial in nature" and not legislative. Miami County v. Dayton, 92 Ohio St. at 234,110 N.E.2d 726.
 {¶ 31} Appellant's amended verified complaint only alleged violations of the open meetings act. We find that this Court cannot liberally construe the open meetings act to include an entity which has not been specifically included by the legislature. See R.C. 121.22(B)(1). As such, we agree with the trial court's statement that "[t]he Open Meetings Act is not subject to judicial revision and the Conservancy Courts are not subject to the dictates of the Open Meetings Act." Therefore, as a Court of Common Pleas, the conservancy court's sessions, including meetings or deliberations by and between the judicial members, are judicial in nature and not subject to the Open Meetings Act.
 {¶ 32} For these reasons we find that the trial court did not err as a matter of law in granting a dismissal of appellant's complaint for failure to state a claim upon which relief may be granted. *Page 11 
 {¶ 33} Accordingly, appellant's first assignment of error is not well taken and is hereby overruled.
 II {¶ 34} In the second assignment of error, the appellant argues that the trial court erred in failing to consider the motion for leave to file a second amended complaint, which would have substituted individual judges in their official capacities for the conservancy court. We disagree.
 {¶ 35} In this case, although both the judgment entry of dismissal and appellant's motion for leave to amend were filed on January 12, 2007, it appears that the trial judge, sitting by assignment in another county, ruled on the appellee's motion to dismiss prior to the filing of appellant's motion to amend. But, the dismissal entry was actually filed later in time. Therefore, the dismissal entry dismissed the entire case and implicitly overruled the newly filed motion for leave to amend the complaint.
 {¶ 36} We find it was not error for the trial court to overrule the motion for leave to file a second amended complaint. Appellant argues that private Conservancy Court deliberations regarding the oversight of the Muskingum Watershed District violated the Open Meetings Act. In the first assignment of error we concluded that the Conservancy Court, as a judicial body, performing a judicial function, did not fall under R.C. 122.22. Likewise, the individual judges involved in judicial deliberations are not subject to the Act.
 {¶ 37} Judicial deliberations fall within the "judicial mental process" privilege. See Angerman v. State Medical Bd. Of Ohio,70 Ohio App. 3d at 351. As such, deliberations of a judicial or quasi-judicial body over actions to be taken following public proceedings *Page 12 
are not intended to be within the purview of the open meeting requirement. See Angerman v. State Medical Bd. Of Ohio,70 Ohio App. 3d at 351. This is true even if the results of the deliberations, such as the conservancy plan, later become public. Id. Therefore, litigants, such as appellant, are not permitted to review the private deliberations of individual judges because it "would intrude upon a judge's subjective thoughts and deliberations, threatening the orderly administration of justice." TBC Westlake, Inc. v. Hamilton Cty Bd. Of Revision, 81 Ohio Sr. 3d at 63 citing, State ex rel. Steffen v. Kraft (1993),67 Ohio St.3d 439.
 {¶ 38} For these reasons we do not find that the trial court erred as a matter of law in overruling appellant's request for leave to file a second amended complaint.
 {¶ 39} Accordingly, appellant's second assignment of error is not well taken and is hereby overruled.
 Edwards, J., Hoffman, P.J., and Gwin, J., concur. *Page 13 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Tuscarawas County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] Sanitary courts are only defined a public bodies when they engage in the following functions: meeting to discuss appointing, removing, or reappointing board members; and meeting to discuss district business that does not include district litigation.R.C.121.22(B)(1)(c). No such delineations are made with regard to conservancy courts regardless of what duties are performed.
[2] The Ohio Constitution provides for the creation of two types of courts; constitutional and statutory. Ohio Const. Art, IV
section 1.
[3] R.C. Section 6101.15 provides that the filing of a petition is the only way to establish a conservancy district. This section further provides where the petition is to be filed, who needs to sign it and what it needs to contain. *Page 1