MALONE ET AL., APPELLEES, *v.* COURT OF COMMON PLEAS OF CUYAHOGA COUNTY ET AL., APPELLANTS.

[Cite as Malone v. Court of Common Pleas (1976), 45 Ohio St. 2d 245.]

(No. 75-245—Decided March 17, 1976.)

246

*Messrs. Berkman, Gordon & Kancelbaum, Mr. Bernard A. Berkman* and *Mr. Harold L. Levey,* for appellees.

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Richard A. Goulder,* for appellants.

O'NEILL, C. J.   The question presented is whether the statutes giving the administrative judge of a juvenile division of a Court of Common Pleas general authority over the employment, discharge and regulation of court employees, clothe the administrative judge with authority to enter into an employment agreement with those employees.

In *Dayton Teachers Assn.* v. *Dayton Bd. of Edn.* (1975), 41 Ohio St. 2d 127, the court held:

"A board of education is vested with discretionary authority to negotiate and to enter into a collective bargain-

ing agreement with its employees, so long as such agreement does not conflict with or purport to abrogate the duties and responsibilities imposed upon the board of education by law."

The authority to so contract was found in statutes granting boards of education status as "a body politic and corporate, and, as such, capable of * * * contracting and being contracted with * * *" (R. C. 3313.17), and requiring boards of education to "enter into written contracts for the employment and reemployment of all teachers." (R. C. 3319.08.)

Unlike a board of education, a court "* * * is not *sui juris.* ' "A court is defined to be a place in which justice is judicially administered. It is the exercise of judicial power, by the proper officer or officers, at a time and place appointed by law." ' *Todd* v. *United States* (1895), 158 U. S. 278, 284. Absent express statutory authority, a court can neither sue nor be sued in its own right." *State, ex rel. Cleveland Municipal Court,* v. *Cleveland City Council* (1973), 34 Ohio St. 2d 120, 121.

R. C. 2151.13 specifically provides that employees of the Juvenile Court "* * * shall serve during the pleasure of the judge." These court employees do not stand in the same contractual relationship to their employer as do school teachers. Court employees who serve at the pleasure of a court are in the position of a public officer or employee to which the principle stated in *Fuldauer* v. *Cleveland* (1972), 32 Ohio St. 2d 114, applies. Paragraph three of the syllabus in that case reads:

"A public officer or employee holds his office as a matter of law and not of contract, nor has such officer or employee a vested interest or private right of property in his office or employment. (Paragraph one of the syllabus in *State, ex rel. Gordon,* v. *Barthalow,* 150 Ohio St. 499, approved and followed.)"

It is the conclusion of this court that an administrative judge of a juvenile division of a Court of Common Pleas is not authorized to enter into an employment agreement with employees of the court.

The judgment of the Court of Appeals is, therefore, reversed.

*Judgment reversed.*

HERBERT, COLE, STERN, W. BROWN and P. BROWN, JJ., concur.

CELEBREZZE, J., dissents.

COLE, J., of the Third Appellate District, sitting for CORRIGAN, J.