**ABBOTT et al., Appellants,**

v.

**STEPANIK, Supt., et al., Appellees.**

[Cite as *Abbott v. Stepanik* (1990), 64 Ohio App.3d 719.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 53560.

Decided Jan. 22, 1990.

Chattman, Garfield, Friedlander & Paul, Richard G. Ross and Gerald B. Chattman, for appellants.

John T. Corrigan, Prosecuting Attorney, and Michael P. Butler, Assistant Prosecuting Attorney, for appellees.

PATTON, Presiding Judge.

This appeal is before this court upon remand by the Supreme Court of Ohio. After the court of common pleas granted summary judgment for defendants-appellees, this court dismissed this appeal for failure to file a timely notice of appeal. The Supreme Court in *Abbott v. Stepanik* (1989), 43 Ohio St.3d 128, 539 N.E.2d 157, reversed that judgment under authority of *Atkinson v. Grumman Oil Corp.* (1988), 37 Ohio St.3d 80, 523 N.E.2d 851, and remanded this appeal to this court for consideration on the merits. We affirm the judgment of the court of common pleas.

Appellants commenced this action by filing a complaint in the court of common pleas seeking money damages and declaratory as well as injunctive relief. In their complaint, appellants aver that all but one of them are full-time employees of the Juvenile Court Division of the Court of Common Pleas

for Cuyahoga County. The remaining employee is a probation officer employed full-time by the General Division of the Court of Common Pleas for Cuyahoga County. These employees aver that they were wrongfully terminated from their part-time employment at the Juvenile Detention Center.

Appellees—the Superintendent of the Juvenile Court Detention Center, the Juvenile Court Administrator, the Administrative Judge of Juvenile Court, and Cuyahoga County Court of Common Pleas Juvenile Division—filed a motion for summary judgment in the court of common pleas. The trial court granted appellees' motion.

In the motion for summary judgment, appellees argued, *inter alia,* that appellants worked at the pleasure of the court and that the Revised Code provides the Administrative Judge of the Juvenile Division with the authority to terminate court employees. We agree.

R.C. 2153.03 provides, in part:

"In addition to his regular judicial duties, one of the judges [of the juvenile court division] shall be the administrator of the juvenile court's subdivisions and departments."

R.C. 2151.13 provides, in part:

"The juvenile judge may appoint such bailiffs, probation officers, and other employees as are necessary and may designate their titles and fix their duties, compensation, and expense allowances. * * * *Such employees shall serve during the pleasure of the judge."* (Emphasis added.)

R.C. 2151.34 authorizes the establishment of a juvenile detention home and provides, in part:

"The judge * * * may appoint a superintendent, a matron, and other necessary employees for such home and fix their salaries."

This statutory scheme, appellees argue, permits the Administrative Judge of the Juvenile Division to terminate the employment (full-time or part-time) of the employees of the Juvenile Detention Center. Appellees contend, therefore, that appellants' claims of wrongful discharge, breach of contract, breach of implied duty under the court's personnel manual and infliction of emotional distress fail.

 Appellants' primary argument in response to the motion for summary judgment and before this court is that "[t]he facts and circumstances surrounding an oral employment-at-will agreement * * * can be considered by the trier of fact in order to determine the agreement's explicit and implicit terms concerning discharge." *Mers v. Dispatch Printing Co.* (1985), 19 Ohio St.3d 100, 19 OBR 261, 483 N.E.2d 150, paragraph two of the syllabus. Appellants also cite various cases arising after *Mers* for the proposition that

the personnel manual of juvenile court contains representations on which appellants are entitled to rely.

In particular, appellants refer to the affidavits of four of the appellants in which they aver that the superintendent of the detention center promised orally on several occasions that full-time juvenile court employees could continue to work part-time at the detention center. These same affidavits refer to a similar policy articulated in the court's personnel manual.

Appellees argue, however, that *Mers* and its progeny do not control in this situation because the Revised Code governs juvenile court employment matters. We agree. Although appellants cite various authorities for the proposition that the doctrine of promissory estoppel applies to the employer-employee relationship, none of the authorities upon which appellants rely arises in the context of the statutory scheme governing employment by a juvenile court.

■ Furthermore, appellants' arguments that a genuine issue of material fact exists with respect to their claims for breach of contract and implied duty arising from the personnel manual also fail.

"An administrative judge of the juvenile division of a Court of Common Pleas is not authorized to enter into an employment agreement with employees of the court." *Malone v. Court of Common Pleas* (1976), 45 Ohio St.2d 245, 74 O.O.2d 413, 344 N.E.2d 126, syllabus. Appellants cite no authority which supersedes *Malone.*

■ Appellants also argue in their brief that their employment is governed by the civil service laws. As a consequence, appellants contend that they could only be terminated for just cause as set forth in R.C. 124.34. During argument, however, counsel for appellants indicated—in response to a question from the court—that appellants' status as civil service employees is "questionable." Appellants' counsel further indicated that the thrust of appellants' appeal was the issue of whether promissory estoppel and the principles articulated in *Mers* and its progeny govern.

Although appellants have essentially conceded their civil service argument, we note that it lacks merit in any event. Appellees argue, and we agree, that the Revised Code defines appellants as having been outside the classified civil service. R.C. 124.11(A)(10).

Accordingly, we affirm the judgment of the court of common pleas.

*Judgment affirmed.*

MATIA and DYKE, JJ., concur.