**BISBEE, Appellee,**

v.

**CUYAHOGA COUNTY BOARD OF ELECTIONS, Appellant.**

[Cite as *Bisbee v. Cuyahoga Cty. Bd. of Elections* (1998), 127 Ohio App.3d 406.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 73385.

Decided April 29, 1998.

*Reginald N. Maxton,* for appellee.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Michael P. Butler,* Assistant Prosecuting Attorney, for appellant.

*Per Curiam.*

This is an accelerated appeal under App.R. 11.1, which by its nature imports that our decision in this appeal will be in brief, conclusory form. *Crawford v. Eastland Shopping Mall Assn.* (1983), 11 Ohio App.3d 158, 11 OBR 240, 463 N.E.2d 655.

We, therefore, conclude that the following assigned errors are well taken, and we reverse the small claims court's decision:

"I. The lower court committed error in ruling that the board of elections wrongfully suspended an employee in breach of contract.

"II. The lower court committed error in ruling in favor of an employee and by awarding damages against the county board of elections based on a claim of 'wrongful suspension.' "

Appellee Fred G. Bisbee sued his employer, appellant Cuyahoga County Board of Elections, for wrongful suspension and breach of contract. Appellee was suspended for thirty days without pay for abuse of his sick time. The small claims court agreed with appellee on the breach-of-contract claim and found him to be both an at-will and a public employee. The court then modified his suspension after finding that he had abused his sick time. The court reduced his suspension to a week and awarded recovery of lost wages in the amount of $989.18.

Appellant argues that appellee is an at-will employee under R.C. 3501.14, which states that employees serve at the discretion of appellant. Consequently, it argues that the trial court could not impose damages. We agree.

This case is more like *Abbott v. Stepanik* (1990), 64 Ohio App.3d 719, 582 N.E.2d 1082, than *Mers v. Dispatch Printing Co.* (1985), 19 Ohio St.3d 100, 19 OBR 261, 483 N.E.2d 150. In *Abbott,* we held that *Mers* and its progeny are not controlling when a statute defines an employment relationship as at will. Consequently, the *Mers* doctrine of promissory estoppel in an at-will employment relationship does not apply. The *Abbott* rationale is that the statute makes the relationship at will and the employer cannot alter that fact by entering into employment agreements, citing *Malone v. Cuyahoga Cty. Court of Common Pleas* (1976), 45 Ohio St.2d 245, 74 O.O.2d 413, 344 N.E.2d 126.

In this case, R.C. 3501.14 defines the employment relationship of the parties in this case as at will, and as a matter of law, the trial court erred when it found otherwise. Accordingly, the small claims court erred when it awarded appellee lost wages.

*Judgment reversed.*

PATRICIA ANN BLACKMON, SPELLACY and ROCCO, JJ., concur.