ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the records from the Cuyahoga County Court of Common Pleas, the briefs and the oral arguments of counsel. An accelerated appeal by its nature imports that our decision in the appeal will be in brief, conclusory form. Bisbee v. Cuyahoga County Bd. Of Elections (1998), 127 Ohio App.3d 406. Appellant contests the amount of attorneys fees awarded by the trial court. For the reasons stated below, we reverse the decision of the trial court and remand.
The record demonstrates that pursuant to the contractual provision of the lease involved in the within matter, appellant was entitled to reasonable attorneys fees incurred in the underlying litigation. In the complaint filed on December 18, 1995, appellant sought rents owed by appellee under the terms of the lease. Appellee answered and advanced a counterclaim for constructive eviction for which he claimed damages in excess of one hundred thousand dollars.
The record reveals that during the long and tortured history of this case, appellant's counsel charged an hourly rate for the legal work performed on matters concerning both the complaint and the counterclaim. During the six-year pendency of this case, the within matter was set for trial twice but, on each occasion on the morning of trial, the matter failed to go forward. Further, during the six-year pendency of this action, the matter has been before this court three times on appeal. The record demonstrates that appellant has prevailed twice before, most recently in The Brandon/Wiant Co. v. Ricardo B. Teamor (Oct. 21, 1999), Cuyahoga App. No. 76334, unreported, in which this court remanded the matter to the trial court for its entry of findings of fact and conclusions of law in support of its award of attorneys fees.
On March 30, 2000, the trial court, pursuant to remand, issued Findings of Fact and Conclusions of Law in support of its award of $4,599.24 in attorneys fees to appellant. This appeal follows in which appellant asserts a single assignment of error for our review.
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN REFUSING TO AWARD PLAINTIFF ATTORNEY FEES ON AN HOURLY BASIS FOR THE LEGAL WORK ACTUALLY PERFORMED.
Reasonable attorneys fees are to be based upon the actual services performed by the attorneys and the reasonable value of those services. In Re Estate of Verbeck (1962), 173 Ohio St. 557. The determination of attorneys fees lies within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. Village of Gates Mills v. Jones (1994), 95 Ohio App.3d 341, 346. "Abuse of discretion" is more than an error of law or judgment; it implies that the court acted in an unreasonable, arbitrary, or unconscionable fashion. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. If there is some competent, credible evidence to support the trial court's decision, there is no abuse of discretion. Ross v. Ross (1980), 64 Ohio St.2d 203. With these standards in mind, we review the findings of fact and conclusions of law as entered by the court.
The record reveals that in support of its request for reasonable attorneys fees, appellant supplied the trial court with evidence of fees totaling $63,973 which were generated during this litigation and were supported both by descriptive itemized billing statements and by affidavits of counsel affirming the work performed and the hourly rates charged. In response, appellee contended that the fees were patently unreasonable, an hourly agreement rather than a contingency agreement is per se unreasonable due to the nature of the claim, and the rates and hours expended were excessive and unreasonable given the nature of the dispute. Appellee supported these arguments with an affidavit of a licensed Ohio attorney.
The trial court in its entry of Findings of Fact and Conclusions of Law determined inter alia, at paragraph nine of its Conclusions of Law:
 Under the fourth factor [of DR2-106(B) the amount involved and the results obtained] the Court finds that the amount involved or originally disputed was at most $13,937.09.
 The Plaintiff could reasonably assert its claim based upon thirty-three percent (33%) of the amount awarded in the Stipulated Judgment Entry ($9,133.28) or of the original disputed amount ($13,937.09), which would allow Four thousand five Hundred Ninety Nine Dollars and 24/100 ($4,499.24) in attorneys fees.
Upon consideration of the evidence in the record sub judice, we find that the evidence fails to support the conclusion as set forth by the trial court. We find that the conclusion of law as set forth in paragraph nine is not supported by evidence in the record.
It is evident from a plain reading of its conclusion that the trial court failed to consider that: 1) the matter was not taken by appellant's counsel on a contingency basis but was handled on an hourly basis; 2) the handling of this case on an hourly basis is not per se unreasonable; 3) although the originally disputed amount due under the lease may have been $13,937.09, appellant asserted a counterclaim increasing the amount in dispute over $100,000; and 4) any attorneys fees were generated on an hourly basis in defense of appellee's counterclaim.
A decision by the trial court which is not supported by the evidence in the record must be considered both arbitrary and unreasonable. Therefore, we find the trial court abused its discretion in finding that $4,599.24 constituted a reasonable award of attorneys fees where the evidence in the record fails to support the trial court's conclusion. Accordingly, we remand the matter to the trial court with instructions to: 1) enter appropriate Findings of Fact and Conclusions of Law consistent with the evidence in this case, and 2) determine an award of reasonable attorneys fees in conformance with the evidence and the applicable law.
This cause is reversed and remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellee its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
 ______________________________ TIMOTHY E. McMONAGLE, JUDGE
DYKE, A.J. and PORTER, J., CONCUR.