JOURNAL ENTRY and OPINION
Plaintiff-appellant, Fred Bisbee, appeals the trial court's decision which granted the appellees' motion for reconsideration and appellees' joint but separate motion for summary judgment. Bisbee raises three assignments of error, each of which alleges that summary judgment in the instant case is inappropriate because material issues of fact exist, and the appellees are not entitled to judgment as a matter of law. For the reasons stated below, the trial court's decisions are affirmed.
Bisbee was an employee of the Cuyahoga County Board of Elections. In September of 1996, Bisbee was accused of spreading rumors of an alleged sexual relationship between two co-workers. The elections board conducted an internal investigation of the incident whereby it requested that a number of employees submit written statements regarding their individual knowledge of Bisbee's alleged actions. As a result of the investigation, the elections board conducted a pre-disciplinary conference. Based on the information gathered during the investigation, and pursuant to a unanimous decision of the elections board on October 16, 1998, Bisbee was terminated from his employment with the board of elections.
In response to his termination, Bisbee filed a complaint with the Cuyahoga County Court of Common Pleas. The complaint alleged claims of wrongful termination, breach of contract, age, sex/gender, race, and political affiliation discrimination, and libel and slander, jointly and/or severally against the elections board, the Ohio Secretary of State, the Cuyahoga County Board of Commissioners, elections board chairman Roger Synenberg, Director Bill Wilkins, Deputy Director Gwen Dillingham (collectively, "directors"), and board employees Michael DeFranco, Theresa Armenti, Don DeMaioribus, Rita Moher, Jean Dare, Irene Lange, and Ben Leutenberg (collectively "board employees").
Bisbee's claims against the secretary of state and the board of commissioners were dismissed. The elections board, directors and board employees (collectively appellees) remained as parties to the suit. Appellees filed a motion for summary judgment.
On May 19, 1998, the trial court granted summary judgment in favor of the elections board and the directors on the discrimination claims, but denied summary judgment on the wrongful termination and breach of contract claims. Summary judgment was granted in favor of the board employees on the defamation claims. However, the defamation claims against the elections board and the directors, and the discrimination and wrongful termination or breach of contract claims against the board employees were not addressed.
On June 2, 1998, upon reconsideration, the trial court granted summary judgment in favor of the elections board and the directors on the wrongful termination and breach of contract claims. However, the trial court failed to address the libel and slander defamation claims against the elections board and the directors, or the wrongful termination, breach of contract, and discrimination claims asserted against the board employees.
Bisbee filed an appeal of the trial court's decisions with this court. In Bisbee v. Cuyahoga County Board of Elections (Nov. 4, 1999), Cuyahoga App. No. 74800, unreported, 1999 Ohio App. LEXIS 5216, this court dismissed the appeal for lack of jurisdiction because the trial court had not disposed of all the claims against all defendants.
On January 20, 2000, the trial court, by journal entry, dismissed all claims as to each party. Bisbee filed a timely notice of appeal.
Bisbee's first assignment of error, in its entirety, states as follows:
 I. THE TRIAL COURT ERRED BY GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION OF DEFENDANT, BOARD OF ELECTIONS, SYNENBERG, WILKINS, AND DILLINGHAM FILED BY THE DEFENDANTS REQUESTING RECONSIDERATION OF THE COURT'S DETERMINATION OF 5/19/98 OF DEFENDANT, CUYAHOGA BOARD OF ELECTIONS, WILKINS, SYNENBERG, AND DILLINGHAM'S MOTION SUMMARY JUDGMENT AS TO THE WRONGFUL TERMINATION AND BREACH OF CONTRACT IS DENIED AS THE TRIAL COURT WAS IN ERROR IN RECONSIDERING OF ITS HEREIN NOTED DECISION OF DENIAL.
Bisbee asserts that the trial court erred in granting the elections board's and the directors' motion for reconsideration by granting summary judgment in favor of the elections board and the directors on Bisbee's wrongful discharge and breach of contract claims.
This court reviews the lower court's granting of summary judgment de novo. Druso v. Bank One of Columbus (1997), 124 Ohio App.3d 125, 131,705 N.E.2d 717; Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704,711, 622 N.E.2d 1153.
The Ohio Supreme Court has established that summary judgment under Civ.R. 56 is proper when:
 (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.
 State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377; Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 364 N.E.2d 267.
The party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330, 91 L.Ed.2d 265, 106 S.Ct. 2548; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 358-59, 604 N.E.2d 138.
However, the nonmoving party must produce evidence on any issue for which that party bears the burden of production at trial. Wing v. Anchor Media, Ltd. (1991), 59 Ohio St.3d 108, 111, 570 N.E.2d 1095; Celotex, supra, at 322. In accordance with Civ.R. 56(E), "a nonmovant may not rest upon the mere allegations or denials of his pleadings, but must set forth specific facts showing there is a genuine issue for trial." Chaney v. Clark Cty. Agricultural Soc. (1993), 90 Ohio App.3d 421, 424,629 N.E.2d 513.
Bisbee attached unsworn transcripts of telephone conversations between his attorney and certain board employees to support his brief in opposition to appellees' motion for summary judgment. Said evidence does not comply with Civ.R. 56(C), and therefore, it may not be considered when reviewing the motion for summary judgment.
 Breach of Contract
The elections board and the directors argue that Bisbee is an at-will employee under R.C. 3501.14, which mandates that employees serve at the discretion of appellees. Consequently, the elections board and the directors maintain that the trial court properly granted summary judgment in their favor on Bisbee's breach of contract claim. We agree.
Under the employment-at-will doctrine, an employee may be discharged at any time and good cause need not be shown. Clark v. Collins Bus Corp. (2000), 136 Ohio App.3d 448, 736 N.E.2d 970, citing Wright v. Honda of Am. Mfg. Inc. (1995), 73 Ohio St.3d 571, 574, 653 N.E.2d 381, 384.
The trial court's ruling on the motion for reconsideration followed this court's decision in Bisbee v. Cuyahoga County Board of Elections (1998), 127 Ohio App.3d 406, 713 N.E.2d 51. Bisbee held that Bisbee's employment pursuant to R.C. 3501.14 was at-will and not contractual, and that promissory estoppel could not alter the statutory at-will employment relationship. Id.
In Fort Frye Teachers Assn., OEA/NEA v. State Employment Relations Bd. (1998), 81 Ohio St.3d 392, 394, 692 N.E.2d 140, 144, the Ohio Supreme Court stated that:
 The doctrine of issue preclusion, also known as collateral estoppel, holds that a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different. Norwood v. McDonald (1943), 142 Ohio St. 299, 52 N.E.2d 67, 27 Ohio Op. 240, paragraph three of the syllabus; Trautwein v. Sorgenfrei (1979), 58 Ohio St.2d 493, 12 Ohio Op. 3d 403, 391 N.E.2d 326, syllabus; Goodson v. McDonough Power Equip., Inc. (1983), 2 Ohio St.3d 193, 2 Ohio B. Rep. 732, 443 N.E.2d 978, paragraph one of the syllabus.
Although Bisbee dealt with a different cause of action, Bisbee's status as having been employed at-will by the board of elections was directly at issue. This court determined that R.C. 3501.14 made Bisbee's employment relationship at-will; thus he could not prevail on his employment-related claims founded upon contract. Because Bisbee's employment status was conclusively determined in Bisbee, the doctrine of collateral estoppel precludes him from relitigating that issue herein.
The fact that additional parties have been named in the suit at hand is without consequence. The party-defendant in Bisbee was the elections board. Here, Bisbee's claim for breach of contract is against the elections board and the directors. Since the directors in their individual capacity did not enter into an employment agreement with Bisbee, summary judgment in the directors' favor was also appropriate.
Thus, the trial court properly granted summary judgment in favor of the elections board and the directors as to this claim.
 Wrongful Discharge
Bisbee also argues the trial court erred in granting summary judgment in favor of the elections board and directors on his claim for wrongful discharge.
As stated above, generally, an at-will employee can be terminated any time, with or without just cause. Wright, supra. However, termination of an at-will employee is wrongful if the termination was against a clear public policy. Painter v. Graley (1994), 70 Ohio St.3d 377, 383,639 N.E.2d 51, 56, reconsideration denied (1994), 70 Ohio St.3d 1477,640 N.E.2d 849.
Because Bisbee raises allegations of age and political affiliation discrimination, presumably he is arguing that his discharge was wrongful based on the public policy exception to the employee at-will doctrine.
A public policy exception to the employment-at-will doctrine is recognized when an employee is discharged or disciplined for a reason that is prohibited by statute or when some other equally important public policy is violated. Greeley v. Miami Valley Maintenance Contractors (1990), 49 Ohio St.3d 228, 234-235, 551 N.E.2d 981, 987; Kulch v. Structural Fibers (1997), 78 Ohio St.3d 134, 149, 677 N.E.2d 308, 320, reconsideration denied (1997), 79 Ohio St.3d 1422, 680 N.E.2d 158; see, also, Vitale v. Modern Tool Die Company, (June 22, 2000), Cuyahoga App. No. 76247, unreported, 2000 Ohio App. LEXIS 2743.
In Kulch, the Ohio Supreme Court applied the following standard for claims of wrongful discharge in violation of public policy:
 [a plaintiff must show] (1) that [a] clear public policy existed and was manifested in a state or federal * * * statute * * * or in the common law (the clarity element); (2) that dismissing employees under [similar] circumstances * * * would jeopardize the public policy (the jeopardy element); (3) the plaintiff's dismissal was motivated by conduct related to the public policy (the causation element); (4) the employer lacked overriding legitimate business justification for the dismissal (the overriding justification element).
Applying the above standards, we conclude that Bisbee has failed to establish that his termination was caused by his age or political affiliation, rather than his violation of the elections board's policy against sex-related workplace gossip. On June 22, 1995, well before this incident, the elections board adopted a policy to protect employees from such behavior in response to Spain v. Gallegos (C.A.3, 1994), 26 F.3d 439, a federal court decision which determined that workplace gossip can constitute sexual harassment. In his deposition, Bisbee acknowledges that he had seen the memorandum which advised employees of the new policy.
Bisbee directly violated the policy against sex-related gossip by spreading rumors of an alleged sexual encounter between co-workers at the elections board. Due to the violation of the sexual harassment policy, the elections board had a legitimate overriding business justification for terminating Bisbee.
The evidence presented by the appellees negates Bisbee's claim that age or political affiliation motivated his termination. Accordingly, the trial court did not err in granting summary judgment in favor of the elections board and the directors on Bisbee's claim of wrongful discharge in violation of public policy.
Bisbee's second assignment of error specifically states:
 II. AS SUBSTANTIAL MATERIAL FACT REMAINED UNDETERMINED REQUIRING THAT THE TRIAL COURT OVERRULED THE MOTION FOR SUMMARY JUDGMENT AS TO THE DEFENDANTS.
Bisbee argues that reasonable minds could have reached different conclusions as to whether the appellees defamed him by publishing false allegations of his spreading sex-based gossip. Further, Bisbee argues that he presented sufficient evidence of actual malice on the part of deputy director, Gwen Dillingham.
Although Bisbee addresses the board employees only in his argument in support of this assignment, the trial court's decision granting summary judgment as to all appellees on Bisbee's defamation claims will be addressed together.
Bisbee's allegations of defamation arise from statements by the elections board, the directors and the board employees during the investigation of the gossip incident.
The elements of defamation are: (1) that a false statement of fact was made, (2) that the statement was defamatory, (3) that the statement was published, (4) that the plaintiff suffered injury as a result of the publication, and (5) that the defendant acted with the required degree of fault in publishing the statement." Pollock v. Rashid (1996),117 Ohio App.3d 361, 368, 690 N.E.2d 903; Powers v. Pinkerton, Inc. et. al. (Jan. 18, 2001), Cuyahoga App. No. 76333, unreported, 2001 Ohio App. LEXIS 138; Kassouf v. White (Mar. 2, 2000), Cuyahoga App. No. 75446, unreported, 2000 Ohio App. LEXIS 751.
A qualified privilege attaches to a publication where it is made in a reasonable manner and for a proper purpose. See Evely v. Carlon Co., Div. of Indian Head, Inc. (1983), 4 Ohio St.3d 163, 447 N.E.2d 1290; Hahn v. Kotten (1975), 43 Ohio St.2d 237, 331 N.E.2d 713. Where statements are made concerning the activities of employees arising out of their employment, a qualified privilege is afforded statements concerning matters of common business interest. See Evely.
Proof of actual malice is essential to defeat a qualified privilege. See A B-Abell Elevator Co., Inc. v. Columbus/Central Ohio Building 
Construction Trades Council (1995), 73 Ohio St.3d 1, 651 N.E.2d 1283. In a qualified-privilege case, "actual malice" is defined as acting with knowledge that the statement is false or acting with reckless disregard of its truth or falsity. See Jacobs v. Frank (1991), 60 Ohio St.3d 111,573 N.E.2d 609.
The statements which Bisbee alleges are defamatory were statements made by the directors and the board employees concerning Bisbee's alleged sex-related gossiping during his employment with the elections board. These comments were made in the course of an investigation of the complaints made against Bisbee. The investigation was conducted in compliance with the sexual harassment policy which was already in existence at the time of the incident. The board employees wrote statements regarding the incident solely in response to the request of the directors conducting the investigation.
There was no evidence that the elections board, the directors or the board employees knowingly transmitted false statements or acted with reckless disregard of the truth or falsity of the sex-related gossip charges. On the contrary, the charges were investigated to determine their accuracy. Moreover, statements made by employees during the course of a sexual harassment investigation are privileged. See Turner v. Wolf, et al. (Dec. 10, 1999) Hamilton App. No. C-980712, unreported, 1999 Ohio App. LEXIS 5881. Therefore, to prevail on a claim of defamation, Bisbee had to refute this evidence by showing that the statements were made with actual malice.
Bisbee asserts that Gwen Dillingham's action of requesting that the board employees submit more detailed statements about the gossip incident constituted malice. Bisbee claims that the request was made because the initial statements were not damaging enough. This bare allegation is without merit. Dillingham, as the election board's deputy director, was required by the elections board policy to conduct an investigation once the complaint was made. Appellees presented Dillingham's affidavit which stated that she asked the board employees to submit new statements after finding the initial written statements were too vague. This serves as further evidence that the elections board and the directors were concerned with ensuring that the investigation was accurate.
Consequently, the trial court did not err in granting appellees' motions for summary judgment on Bisbee's defamation claims because Bisbee failed to present evidence that the elections board, the directors or the board employees published false or unprivileged statements about Bisbee, or that said statements were made with actual malice. Thus, Bisbee's second assignment of error is without merit.
Bisbee's third assignment of error argues that:
 III. SUMMARY JUDGMENT CANNOT BE GRANTED FOR DEFENDANTS' CUYAHOGA BOARD OF ELECTIONS, WILKINS, SYNENBERG, AND DILLINGHAM AS SUBSTANTIAL MATERIAL FACT REMAINS UNRESOLVED AND FURTHER THAT THIS CLAIM OF PLAINTIFF CANNOT BE DISPOSED OF AS A MATTER OF LAW.
Bisbee claims that the trial court erred in granting summary judgment in favor of the elections board and the directors as to all claims. We have concluded above that summary judgment was appropriate as to his claims of wrongful termination, breach of contract and defamation. The remaining claims are discussed below.
 Political Affiliation Discrimination
Bisbee alleges that he was terminated due to political party discrimination. In order to prevail on this action, Bisbee needs to show that he was discharged because he is not affiliated with the political party in control of the board of elections. Rutan et al., v. Republican Party of Illinois et al. (1990), 497 U.S. 62, 71 110 S.Ct. 2729, 2735.
Bisbee has established that he is a member of the Republican party. The Ohio Revised Code requires the board of elections to be comprised of representatives of the two major political parties, Democrat and Republican. (R.C. Section 3501.06). Therefore, because the Republican party shares control of the elections board, Bisbee cannot prevail on his claim that he was discharged due to his political party affiliation. Rutan.
 Age Discrimination
Bisbee also argues the trial court erred in granting summary judgment in favor of the elections board and the directors on his age discrimination claim. He argues that he set forth a prima facie case of age discrimination.
To set forth a prima facie case of age discrimination in an employment discharge action, Bisbee must show:
 (1) that he was a member of the statutorily-protected class, (2) that he was discharged, (3) that he was qualified for the position, and (4) that he was replaced by, or that his discharge permitted the retention of, a person not belonging to the protected class. Mauzy v. Kelly Servs. (1996), 75 Ohio St.3d 578, 582, 664 N.E.2d 1272, 1276, citing Barker v. Scovill, Inc. (1983), 6 Ohio St.3d 146, 147-148, 451 N.E.2d 807, 809.
Once a prima facie case of discrimination is established, then appellees may overcome the presumption by going forward with a legitimate, nondiscriminatory reason for the discharge. Bisbee must then show that appellees' rationale was only a pretext for unlawful discrimination. See Mauzy, 75 Ohio St.3d at 582, 664 N.E.2d at 1276. See, also, Wilmot v. Forest City Auto Parts, (June 22, 2000), Cuyahoga App. No. 75945, unreported, 2000 Ohio App. LEXIS 2734.
Bisbee argues that he has established a prima facie claim of age discrimination, despite failing to establish that he was replaced by a person not belonging to the protected class. This argument is without merit.
However, his claim fails even if he establishes a prima facie case of age discrimination, because the elections board had a legitimate nondiscriminatory reason for terminating his employment. Accordingly, we overrule his third assignment of error.
Judgment is affirmed.
It is ordered that appellees recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J., and JAMES D. SWEENEY, P.J., CONCUR