Richard L. DAVIS, Plaintiff–Appellee,

v.

Robert G. RAWSON, Defendant–Appellant.

No. 00–4405.

United States Court of Appeals, Sixth Circuit.

May 15, 2002.

Before DAUGHTREY and MOORE, Circuit Judges, and SIMPSON,* District Judge.

PER CURIAM.

Defendant Robert G. Rawson, a former Washington County (Ohio) juvenile court judge, appeals from the district court's

denial of his request for summary judgment based upon qualified immunity. Rawson contends that, at the time he removed the plaintiff, Richard Davis, from the position of assistant superintendent of a juvenile facility, the principle of law was not clearly established that such an employment decision could not be made without due process protections. Because the district court appropriately determined that genuine issues of material fact preclude a ruling on the application of due process law to the situation presented by this dispute, we conclude that we are without jurisdiction to entertain this appeal at this time, under the holding of *Johnson v. Jones,* 515 U.S. 304, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995). We therefore dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

As the defendant notes in his appellate brief:

> The parties have never disputed what happened: Judge Rawson decided Davis should no longer be an assistant superintendent at the Open Door Home[, a juvenile facility in Marietta, Ohio,] and offered him another position with less responsibility and pay, which Davis accepted. In changing Davis'[s] job, Judge Rawson did not give Davis notice and a hearing as required for classified employees within Ohio's civil service.

Davis then filed suit in federal district court, alleging violations of his right to due process, his right to freedom of association, his Ohio statutory right to be free from gender discrimination, and his state rights protecting him from defamation, breach of contract, constructive discharge,

* The Hon. Charles R. Simpson, III, United States District Court for the Western District   of Kentucky, sitting by designation.

and intentional infliction of emotional distress. The defendant countered with a motion for summary judgment in his favor, based in part upon a claim of qualified immunity.

In an extensive and well-reasoned memorandum opinion and order, the district judge concluded that the defendant was entitled to summary judgment on all claims asserted by Davis, except for the due process and breach of contract causes of action. The court denied Rawson's request for summary judgment based on qualified immunity on the due process claim because it could not "make a ruling based upon the present record as to whether Davis was a classified or unclassified employee." The court noted that the distinction between classified and unclassified employees was critical because, as conceded by the parties, "only classified public employees have a property right in their employment sufficient to invoke procedural due process protection." As further explained by the district judge:

> The Court finds that Davis has produced sufficient evidence to create genuine issues of material fact as to whether the Open Door Home was operating as a § 2151.70 or a § 2151.34 facility or some type of hybrid facility, whether Judge Rawson or Superintendent Murphy appointed Davis as Assistant Superintendent, whether there was a mutual understanding between Davis and defendants that Davis was a classified employee, and whether Davis performed job duties which created an administrative or a fiduciary relationship with Judge Rawson, Superintendent Murphy, the Juvenile Court, or the Open Door Home.

Pursuant to the provisions of Ohio law, juvenile facilities may be established under either § 2151.34 or § 2151.65 of the Ohio Revised Code. Facilities for the training, treatment, and rehabilitation of delinquent, dependent, abused, unruly, or neglected children, or juvenile traffic offenders, are governed by the provisions of O.R.C. § 2151.65. Moreover, pursuant to the express wording of O.R.C. § 2151.70, the superintendent of any § 2151.65 facility "shall appoint all employees of such facility ... [and][a]ll such employees, except the superintendent, shall be in the classified civil service."

By contrast, employees of "detention facilities" established pursuant to § 2151.34 are not expressly denominated as classified workers. Consequently, the defendant argued before the district court and now before this court that any such employee falls under the category of "bailiffs, probation officers, and other employees as are necessary" mentioned in O.R.C. § 2151.13 and thus "serve during the pleasure of the [juvenile] judge" and are unclassified for purposes of civil service protection. *See Abbott v. Stepanik,* 64 Ohio App.3d 719, 582 N.E.2d 1082, 1085, *dismissed, jurisdictional motion overruled,* 50 Ohio St.3d 717, 553 N.E.2d 1364 (1990).

## *DISCUSSION*

Because denial of a motion for summary judgment is generally not immediately appealable, we must, as a threshold matter, determine whether we have jurisdiction over this dispute. *See e.g., Klein v. Long,* 275 F.3d 544, 549 (6th Cir.2001). In *Mitchell v. Forsyth,* 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), the United States Supreme Court did explain that, pursuant to the collateral order doctrine, "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." Under the subsequent holding in *Johnson v. Jones,* 515 U.S. 304, 319–20, 115 S.Ct. 2151, 132

L.Ed.2d 238 (1995), however, "a defendant, entitled to invoke a qualified-immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." Thus, "in order for an interlocutory appeal to be appropriate, a defendant seeking qualified immunity must be willing to concede to the facts as alleged by the plaintiff and discuss only the legal issues raised by the case." *Comstock v. McCrary*, 273 F.3d 693, 701 (6th Cir.2001) (citing *Shehee v. Luttrell*, 199 F.3d 295, 299 (6th Cir.1999), *cert. denied*, 530 U.S. 1264, 120 S.Ct. 2724, 147 L.Ed.2d 988 (2000); *Berryman v. Rieger*, 150 F.3d 561, 564 (6th Cir.1998)).

The defendant in this matter is unable and unwilling to make such a concession. Indeed, if Judge Rawson were to so agree with Davis's factual allegations, the defendant would be forced to concede that Davis's employment met all the conditions and requirements necessary to categorize the assistant superintendent position as "classified." Davis would therefore be deserving of the notice and opportunity for a hearing that characterize procedural due process. Because the defendant admits that such safeguards are required by due process principles, that such protections apply in terminations and demotions from classified positions, and that Davis was not accorded any such protections, conceding the facts as alleged by Davis is tantamount to agreeing that a due process violation occurred in this matter.

Rather, because Davis and Rawson continue to dispute key factual components of the case, the district judge candidly admitted that, absent additional evidence, he could not confidently resolve the dispute. For example, the court must decide, in the light of further testimony, whether Davis was appointed to his position by Judge Rawson, thus indicating that the facility was a § 2151.34 detention facility,[1] or whether the plaintiff was appointed by Superintendent David Murphy, thus indicating that the Open Door Home continued to function as a § 2151.65 facility.[2]

The determination of the true nature of the facility also requires resolution of other differing factual interpretations. For example, the defendant insists that the Open Door Home's acceptance of some juveniles requiring incarceration converted the home into a hybrid facility exhibiting many characteristics of a § 2151.34 detention facility, which is staffed by "unclassified" employees. *See Abbott*, 582 N.E.2d at 1085. The plaintiff contends, however, that the Open Door Home was originally created by a county commission resolution recognizing § 2151.65 as the appropriate statutory authorization for operation of the facility. Furthermore, argues Davis, although the functions of the home may have expanded over the years, and although the home itself changed locations within Mar-

---

1. Pursuant to the relevant provisions of O.R.C. § 2151.34, "[t]he judge, or the directing board of a district detention home, may appoint a superintendent, a matron, and other necessary employees for the home and fix their salaries." In his affidavit, Judge Rawson claims that "[t]he Court appointed Davis [as assistant superintendent] without advertising the position and without taking Davis's name from a civil service eligibility list."

2. In relevant part, O.R.C. § 2151.70, describing management of § 2151.65 facilities, provides that "[t]he superintendent of a facility shall appoint all employees of such facility. All such employees, except the superintendent, shall be in the classified civil service." In his deposition, Judge Rawson stated that after *the superintendent* developed a flow chart that created the position of assistant superintendent, *Murphy himself* "appointed Richard Buddy Davis as the assistant superintendent."

ietta, Ohio, the authorizing resolution itself was neither amended nor superseded so as to alter the inherent statutory character of the facility. Moreover, the plaintiff maintains that, as with all § 2151.65 facilities, the Open Door Home continued to serve the "training, treatment, and rehabilitation" needs of "delinquent, dependent, abused, unruly, or neglected" juveniles, as well as juvenile traffic offenders, thus giving a determinative insight into the home's true character.

## CONCLUSION

In short, both parties to this appeal are in agreement that employees of facilities authorized pursuant to O.R.C. § 2151.65 are "classified" workers who are entitled to the notice and the opportunity for a hearing guaranteed by the due process clause before being terminated or demoted. Both parties to this appeal are also in agreement that plaintiff Davis did not receive those due process guarantees prior to his demotion/constructive discharge from the Open Door Home. The determinative question in this appeal, therefore, is simply whether the Open Door Home qualifies as an O.R.C. § 2151.65 facility and, consequently, whether Davis was a classified employee entitled to certain procedural safeguards. Because answering this question requires resolution of various factual disputes, the district court appropriately denied the defendant summary judgment based upon Judge Rawson's qualified immunity claim. Pursuant to the holding in *Johnson v. Jones*, we have no subject matter jurisdiction over this dispute at this time. The appeal must therefore be DISMISSED.