[Cite as *Brown v. Greene Cty. Domestic Relations Div.*, 2017-Ohio-9307.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| SEAN L. BROWN | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 2017-CA-38 |
| | : | |
| v. | : | Trial Court Case No. 17-CV-0164 |
| | : | |
| GREENE COUNTY DOMESTIC | : | (Civil Appeal from |
| RELATIONS DIVISION | : | Common Pleas Court) |
| | : | |
| Defendant-Appellee | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 29th day of December, 2017.

. . . . . . . . . .

SEAN L. BROWN, 77 E. Market Street, Xenia, Ohio 45385
        Plaintiff-Appellant, Pro Se

NATHANIEL R. LUKEN, Atty. Reg. No. 0087864, 61 Greene Street, Xenia, Ohio 45385
        Attorney for Defendant-Appellee

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Sean L. Brown appeals from a judgment of the Greene County Court of Common Pleas, which dismissed his action pursuant to Civ.R. 12(B)(6). For the following reasons, the trial court's judgment will be affirmed.

## I. Procedural History

{¶ 2} According to Brown's complaint, on September 1, 2016, the Greene County Court of Common Pleas, Domestic Relations Division, granted an ex parte domestic violence protection order (DVPO) against him. Brown alleges that the protection order was granted maliciously and in bad faith, because he never pled guilty to or was convicted of domestic violence. Brown further alleges that, after the complainant failed to attend the full hearing on her DVPO complaint, the domestic relations court should have dismissed the ex parte DVPO, but did not. Brown alleges that, as a result, he was wrongfully arrested and jailed on December 17, 2016, for violating the DVPO.

{¶ 3} On March 3, 2017, Brown filed an action in the General Division of the Greene County Court of Common Pleas against the "Greene County Domestic Relations Division," alleging that the Domestic Relations Division's "unlawful and unprofessional conduct" intentionally inflicted "a tremendous amount" of emotional distress. Brown sought $500,000 in damages.

{¶ 4} On March 24, 2017, the county prosecutor, on behalf of the Greene County Court of Common Pleas, Domestic Relations Division, moved to dismiss the complaint, pursuant to Civ.R. 12(B)(6), raising five arguments: (1) the Domestic Relations Division of the Greene County Court of Common Pleas had jurisdiction to hear and determine civil protection order cases, pursuant to R.C. 3113.31; (2) civil protection order proceedings

are separate from criminal proceedings and a criminal conviction is not a prerequisite for a DVPO; (3) Brown cited no evidence that the Domestic Relations Division acted maliciously, and a court of law cannot act maliciously; (4) even if Brown's allegations were construed as against the Domestic Relations judge, the judge was immune from liability for the judge's actions in the performance of a judicial function; and (5) Brown's proper recourse was an appeal from the DVPO, which he had done, and that the appeal divested the common pleas court of jurisdiction over the case.

{¶ 5} Brown did not respond to the motion to dismiss.

{¶ 6} On April 3, 2017, Brown filed a motion requesting appointed counsel in this civil damage suit. He also separately filed an affidavit from the complainant in the DVPO case to support his claims. In essence, the complainant expressed that she did not want the DVPO or criminal charges to proceed against Brown and that she believed that the DVPO was invalid because she did not attend a full hearing on her complaint.

{¶ 7} On June 14, 2017, the trial court granted the motion to dismiss. The court found it had jurisdiction to address the motion, noting that the tort action before it was not under appeal. The court further found that the motion had merit, stating:

> * * * in the absence of specific statutory authorization, courts are not legal entities capable of being sued. The judge or magistrate of the court is immune for all actions where they are engaged in a judicial function. *See* R.C. 2744.03(A)(1). Furthermore, the United States Supreme Court has held that a judge will not be deprived of immunity because the action he takes was in error, was done maliciously, or was in excess of his authority. *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S.Ct. 1099 (1978).

(Italics added.)

{¶ 8} Brown appeals from the trial court's judgment, asserting that the trial court erred in granting the motion to dismiss.

## II. Motion to Dismiss, Pursuant to Civ.R. 12(B)(6)

{¶ 9} A motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Civ.R. 12(B)(6), "is procedural and tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992); *Grover v. Bartsch*, 170 Ohio App.3d 188, 2006-Ohio-6115, 866 N.E.2d 547, ¶ 16 (2d Dist.). The court must construe the complaint in the light most favorable to the plaintiff, presume all of the factual allegations in the complaint are true, and make all reasonable inferences in favor of the plaintiff. *Grover* at ¶ 16, citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). A motion to dismiss under Civ.R. 12(B)(6) should be granted only where the complaint, so construed, demonstrates that plaintiff can prove no set of facts entitling him to relief. *Sherrod v. Haller*, 2017-Ohio-5614, __ N.E.3d __, ¶ 6 (2d Dist.). "The standard for dismissal under Civ.R. 12(B)(6) is consistent with Civ.R. 8(A), which requires that a complaint 'contain * * * a short and plain statement of the claim [or claims] showing that the [plaintiff] is entitled to relief.' " *Toney v. Dayton*, 2017-Ohio-5618, __ N.E.3d __, ¶ 36 (2d Dist.).

{¶ 10} Construing the complaint in the light most favorable to Brown, the trial court correctly determined that the "Greene County Domestic Relations Division" was not a proper party-defendant. It is well-established that a court cannot be sued. As stated by the Ohio Supreme Court:

A court * * * is not sui juris. "A court is defined to be a place in which justice

is judicially administered.   It is the exercise of judicial power, by the proper officer or officers, at a time and place appointed by law."   *Todd v. United States* (1895), 158 U.S. 278, 284, 15 S.Ct. 889, 891, 39 L.Ed. 982.   Absent express statutory authority, a court can neither sue nor be sued in its own right.

*State ex rel. Cleveland Municipal Court v. Cleveland City Council*, 34 Ohio St.2d 120, 121, 296 N.E.2d 544 (1973).   *See also Malone v. Court of Common Pleas of Cuyahoga Cty.*, 45 Ohio St.2d 245, 248, 344 N.E.2d 126 (1976); *Jones v. Mohler*, 2d Dist. Montgomery No. 27105, 2017-Ohio-2683, ¶ 18.

{¶ 11} Brown claims that he can state a claim upon which relief may be granted, because he alleged that the DVPO was granted maliciously and in bad faith; he asserts that any judicial immunity was forfeited.   Even if we were to consider Brown's allegations to be against a judge or magistrate of the Domestic Relations Division individually, "[i]t is a well-settled rule in Ohio that where a judge possesses jurisdiction over a controversy, he [or she] is not civilly liable for actions taken in his [or her] judicial capacity."   *State ex rel. Fisher v. Burkhardt*, 66 Ohio St.3d 189, 191, 610 N.E.2d 999 (1993).   "Judicial immunity extends even to acts that are alleged to have been performed maliciously, corruptly, in bad faith, or with malice."   *Henderson v. Euclid*, 8th Dist. Cuyahoga No. 101149, 2015-Ohio-15, ¶ 23, citing *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967) and *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991).   The conduct that Brown alleges all reflect actions taken in a judicial capacity. The trial court properly concluded that no viable civil claim existed.

{¶ 12} Brown also asserts that the trial court's judgment should be reversed,

because the court ruled without providing him counsel. However, in general, there is no right to counsel in a civil action. *In re Forfeiture of Property of Rhodes*, 2d Dist. Montgomery No. 25464, 2013-Ohio-3046, ¶ 11. And, we presume that Brown's request for counsel was denied when his complaint was dismissed.

{¶ 13} Brown next asserts, citing Civ.R. 41(B), that the trial court failed to give him adequate notice of a possible dismissal and to provide him an opportunity for a hearing prior to dismissal of his action. Brown's action was dismissed pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted. Because a Civ.R. 12(B)(6) motion tests the sufficiency of the complaint, Brown was not entitled to a hearing on such a motion. *See, e.g., Bennett v. Montgomery Cty. Clerk of Court*, 2d Dist. Montgomery No. 26675, 2015-Ohio-4108, ¶ 9. Brown's complaint was not involuntarily dismissed, pursuant to Civ.R. 41(B), for failure to prosecute or to comply with the Ohio Rules of Civil Procedure or with the court's rules. Accordingly, the trial court was not required to provide notice of possible dismissal prior to dismissal, as required by Civ.R. 41(B)(1).

{¶ 14} Finally, Brown claims that the trial court should not have dismissed his lawsuit with prejudice. The dismissal entry did not expressly state that Brown's action was dismissed with prejudice, but Brown's lawsuit against the Greene County Domestic Relations Division failed as a matter of law; Brown cannot plead the claims against this party any differently to state a claim for relief. Accordingly, it was properly considered a dismissal with prejudice.

{¶ 15} Brown's assignment of error is overruled.

### III. Conclusion

{¶ 16} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

HALL, P. J. and TUCKER, J., concur.

Copies mailed to:

Sean L. Brown
Nathaniel R. Luken
Hon. Stephen A. Wolaver, Administrative Judge